UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-0511 |
| HANNAH MCINTYRE ET AL | SECTION A(1) |

# ORDER

Before the Court is a **Motion for Certification of Judgment as Final (Rec. Doc. 68)** filed by Lexington Insurance Company ("Lexington"). Couhig Partners LLC ("Couhig") opposes the motion (Rec. Doc. 70). The motion, set for submission on January 25, 2017, is before the Court on the briefs, without oral argument.[1]

On December 20, 2016, this Court issued an Order granting Defendant Couhig's motion for summary judgment and denying Hannah McIntyre's motion for summary judgment. (Rec. Doc. 67). Lexington now requests that this Court certify its Order as final under Federal Rules of Civil Procedure Rule 54(b).

Lexington argues that factors for the Court to consider are that a) the Court determined a discrete legal issue in its December Order, b) a final determination of this issue would facilitate the resolution of the litigation, c) the controlling question of law is subject to a difference of opinion, d) appellate resolution would facilitate settlement, and e) certification of final judgment would serve the interest of the parties and judicial administration.

Federal Rule of Civil Procedure Rule 54(b) states that an order "that adjudicates the rights and liabilities of fewer than all parties does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b). Rule 54(b), however, allows the court to direct entry of a final

---

[1] The Court notes that Lexington "requested that this Court hold a hearing." (Rec. Doc. 69). The Court, however, finds it unnecessary to conduct oral argument on this issue.

judgment as to a party "only if the court expressly determines that there is not just reason for delay." Fed. R. Civ. P. 54(b). Courts "must weigh a variety of factors to determine whether" to certify as appealable a disposition of less than all of the claims or parties in a litigation. *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). The United States Court of Appeals for the Fifth Circuit has held that a court should only grant certification "when there exists some danger of hardship or injustice through delay which would have been alleviated by immediate appeal." *PYCA Industries, Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds that certification of its previous Order as final is not appropriate because delay is necessary in order to avoid piecemeal appeals, and there exists no danger of hardship or injustice through delay. Lexington listed a number of factors that it considers in favor of certification of the Court's Order as final, but failed to produce any evidence of danger of hardship or injustice through delay. Thus, certification of the Court's Order as final is not proper under Rule 54(b) and the law in this Circuit.

Accordingly;

**IT IS ORDERED** that the **Motion for Certification of Judgment as Final (Rec. Doc. 68)** filed by Lexington Insurance Company is **DENIED**.

New Orleans, Louisiana this 12th day of January, 2017.

```
                                    _____
                                           JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE
```